covered with a thin coating of linseed oil and was somewhat slippery. There was some evidence that others had fallen at the same spot. The Appellate Division held that the condition described was not such as to charge defendant with negligence.

*Don R. Almy* for appellant.

*George F. Hickey* and *William Butler* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Not voting: POUND, J

---

LOUIS LAVINO, Respondent, *v.* JOHN OCHSENHIRT, Appellant, Impleaded with Another.

*Negligence — motor vehicles — collision with motorcycle which swerved to left side of road to avoid striking another vehicle — recovery against driver for personal injuries sustained.*

*Lavino* v. *Ochsenhirt*, 211 App. Div. 848, affirmed.

(Argued June 4, 1925; decided July 15, 1925.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 26, 1925, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained through the negligence of the defendant. The complaint alleged that while riding a motorcycle northerly on Mott avenue at about One Hundred and Forty-fourth street in the city of New York, plaintiff received the injuries complained of as the result of a collision with a motorcycle which was being driven by defendant, appellant, a police officer, southerly on the east or wrong side of the road. It appeared that defendant approached behind a wagon and inclined to the left to avoid striking it when it turned to the east to enter One Hundred and Forty-fourth street.

*George P. Nicholson*, Corporation Counsel (*John F. O'Brien*, *Willard S. Allen* and *Charles C. Marrin* of counsel), for appellant.

*William J. Hogan* and *John Ambrose Goodwin* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Not voting: POUND, J.

EDWARD C. SUFFERN, Appellant, *v.* KAUFMAN MANDELL et al., Respondents.

*Contract — agreement by which plaintiff's business became a department of that of defendants' — dispute as to who was entitled to proceeds of judgment recovered by plaintiff in action against third party for breach of contract.*

*Suffern* v. *Mandell,* 212 App. Div. 1, affirmed.

(Argued June 4, 1925; decided July 15, 1925.)

APPEAL from a judgment, entered March 13, 1925, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury, and directing judgment in favor of defendants. Plaintiff and defendants entered into a contract whereby the plaintiff's business became a department in that of defendants', the plaintiff agreeing to transfer his accounts and orders to defendants in consideration of their agreement to pay to him a percentage of the net profits. Thereafter plaintiff commenced an action and recovered judgment against a third party for breach of contract to deliver merchandise. The controversy here arises from a dispute as to whether plaintiff or defendants were entitled to the amount collected on the judgment.

*Chauncey E. Treadwell* for appellant.

*Adolph Feidblum* and *Aaron William Levy* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.